## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **I-KIEM SMITH,** | : | **Civil No. 3:11-CV-1581** |
| | : | |
| **Plaintiff,** | : | **( Judge Kosik)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LT. J. PRICE, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

The plaintiff, I-Kiem Smith is a state prisoner, who commenced this civil rights action by filing a civil complaint on August 24, 2011. (Doc. 1.) Smith's initial complaint leveled a battery of allegations against 11 correctional officials and agencies. On November 29, 2011, the defendants responded to this complaint by filing a motion to dismiss some of Smith's claims. (Docs. 18 and 19.) Smith, in turn, reacted to this motion by seeking leave to file an amended complaint, (Doc. 20 and 21), which was conditionally granted by the district court on December 9, 2011. (Doc.22.) Smith then filed an amended complaint on December 22, 2011.

This amended complaint is a curious document. Like the original complaint, it lists 11 defendants: Lt.Price, Sgt. Sheetz, correctional officers Cramer, Harper, Kennedy, Harpster and Harrington, Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant known only as John Doe, and the Correctional Health Care

Administrator. (Doc. 26.) However, having identified these 11 defendants in the caption of this pleading, the amended complaint then only goes on to makes factual allegations relating to seven defendants–Lt. Price, Sgt. Sheetz, and correctional officers Cramer, Harper, Kennedy, Harpster and Harrington. (Id.) These factual averments relate to what Smith describes as an excessive use of force by these staff on February 17, 2011. (Id.) Thus, the amended complaint contains no allegations whatsoever relating to four defendants named in the caption of this case–Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant known only as John Doe, and the Correctional Health Care Administrator.

Furthermore, the amended complaint is flawed in another basic respect. It contains absolutely no prayer for relief. Thus, Smith's amended complaint does not set forth one of the basic requisites for a complaint under Rule 8 of the Federal Rules of Civil Procedure. It simply does not state: "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3).

On January 6, 2012, this case was referred to the undersigned for pre-trial management. (Doc. 31.) At the time of this referral there were two motions pending in this case, both of which we now conclude are moot. First, there was a pending motion for leave to amend the complaint filed by the plaintiff, (Doc. 20), which we find was rendered moot by the filing of the amended complaint. (Doc. 26.) Second, there was outstanding a motion to dismiss the original complaint, (Doc. 18), which we conclude

is also now moot, since Smith has filed an amended complaint, a step which has substantive significance for the plaintiff, in that legally an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case…."). Thus, by filing an amended complaint instead of responding to this motion to dismiss Smith has effectively declared that original complaint to be a nullity.

Yet, while these two motions should now be dismissed as moot, as part of our legally-mandated screening process for *pro se, in forma pauperis* complaints, we have independently examined this amended complaint to assess its legal sufficiency. Having conducted this review, for the reasons set forth below, we recommend that the Court dismiss the amended complaint for failure to state a claim upon which relief can be granted, without prejudice to allowing the plaintiff one final opportunity to attempt to correct the deficiencies noted in this report and recommendation by filing a second amended complaint.

## II.   Discussion

A.   **Screening of *Pro Se In forma Pauperis* Complaints–Standard of Review**

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which   seek redress against government officials. Specifically, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**. - The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a  prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal**. - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be  granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (12007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual

allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal,</u> when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of

mere speculation, set forth in a "short and plain" statement of a cause of action, a

statement which must  contain a "a demand for the relief sought, which may include

relief in the alternative or different types of relief."

 Applying these standards, we find that this amended complaint, in its present

form, is subject to summary dismissal.

### B.   Smith's Amended Complaint Fails to Comply With Rule 8(a)(3) in That It Does Not Contain a Prayer for Relief

Judged against these standards, Smith's current amended *pro se* complaint is

clearly inadequate to state a claim upon which relief can be granted. At the outset,

dismissal of this complaint is warranted because the complaint fails to comply with

Rule 8's basic injunction that "A pleading that states a claim for relief must contain .

. . a short and plain statement of the claim showing that the pleader is entitled to relief"

as well as "a demand for the relief sought, which may include relief in the alternative

or different types of relief."

 It is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a

complaint contain 'a short and plain statement of the claim showing that the pleader

is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and

direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d

Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a

complaint "is also largely unintelligible," Stephanatos v. Cohen,  236 F. App'x 785,

787 (3d Cir. 2007), an order dismissing a complaint under Rule 8  is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008);  Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, when a complaint completely fails to state "a demand for the relief sought," dismissal of that complaint is also mandated by Rule  8(a)(3).  See RKO-Stanley Warner Theatres, Inc. v. Mellon National Bank and Trust Co., 436 F.2d 1297, 1304 (3d Cir. 1972)(failure to state a demand for relief as to a party compels dismissal under Rule 8(a)(3)).[1]

Here, as a threshold matter, Smith's amended complaint runs afoul of Rule 8(a)(3) because it contains no statement of the relief sought by this plaintiff. This failure to articulate in any fashion "a demand for the relief sought," now requires the dismissal of this complaint without prejudice. See RKO-Stanley Warner Theatres, Inc. v. Mellon National Bank and Trust Co., 436 F.2d 1297, 1304 (3d Cir. 1972)(failure to state a demand for relief as to a party compels dismissal under Rule 8(a)(3)).

_____

[1]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. In such instances, the failure to timely submit a proper amended complaint that complies with the strictures of Rule 8 may then warrant the dismissal of the complaint with prejudice. See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra.

C.    **Smith's Amended Complaint Fails to State Any Claims Against Defendants Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant Known Only as John Doe, and the Correctional Health Care Administrator**

This amended complaint is fundamentally flawed in one other respect. Smith's amended complaint also names four defendants in its caption–Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant known only as John Doe, and the Correctional Health Care Administrator–but is wholly bereft of any factual allegations regarding direct misconduct by any of these defendants. This is a fatal flaw in this pleading since it is clear that a claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was government supervisor or official when the incidents set forth in the complaint occurred. Quite the contrary, to state a constitutional tort claim the plaintiff must show that the defendants actively deprived him of a right secured by the Constitution. Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997); see also Maine v.Thiboutot, 448 U.S. 1 (1980). Constitutional tort liability is personal in nature and can only follow personal involvement in the alleged wrongful conduct shown through specific allegations of personal direction or of actual knowledge and acquiescence in the challenged practice. Robinson v. City of Pittsburgh, 120 F.3d 1286 (3d Cir. 1997).

In particular, with respect to government officials it is well-established that:

"A[n individual government] defendant in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior.* Personal

involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988).

Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

As the Supreme Court has observed:

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . See Monell v. New York City Dept. of Social Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); see also Dunlop v. Munroe, 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); Robertson v. Sichel, 127 U.S. 507, 515-516, 8 S.Ct. 1286, 3 L.Ed. 203 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties"). Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.

Ashcroft v. Iqbal,  129 S.Ct. 1937, 1948 (2009).

Applying these benchmarks, courts have frequently held that, in the absence of evidence of supervisory knowledge and approval of subordinates' actions, a plaintiff may not maintain an action against supervisors based upon the misdeeds of their subordinates. O'Connell v. Sobina, No. 06-238, 2008 WL 144199, * 21 (W.D. Pa. Jan. 11, 2008); Neuburger v. Thompson, 305 F. Supp. 2d 521, 535 (W.D. Pa. 2004). Rather, "[p]ersonal involvement must be alleged and is only present where the supervisor

directed the actions of supervisees or actually knew of the actions and acquiesced in them. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir.1988)." Jetter v. Beard, 183 F.Appx. 178, 181 (3d Cir. 2006).

Here, Smith merely listed these four defendants in the caption of the complaint, without setting forth any factual basis for a claim against them in the body of this pleading. Therefore, in this case, without the inclusion of some further well-pleaded factual allegations, the assertions made here simply fail to meet the threshold defined by law since they are simply "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [which as a legal matter] do not suffice." Ashcroft v. Iqbal, supra 129 S.Ct. at 1979. Indeed, this style of pleading, which merely lists parties as defendants without any supporting factual averments whatsoever, has been held to be plainly inadequate to state a civil rights claim against a government official. See Hudson v. City of McKeesport, 241 F. App'x 519 (3d Cir. 2007)(affirming dismissal of defendant who was only named in caption of case.) Therefore, the complete failure of the amended complaint to include any factual averments regarding the alleged conduct of these defendants is a fatal flaw and compels dismissal of the following defendants from this action: Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant known only as John Doe, and the Correctional Health Care Administrator.

### D.    **This Complaint Should be Dismissed Without Prejudice**

In sum, in its current form this complaint fails to state a claim against these defendants upon which relief may be granted. While this screening merits analysis calls for dismissal of this action in its current form, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file an amended complaint. We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

### III.   **Recommendation**

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's amended complaint be dismissed without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts

within 20 days of any dismissal order. It is further recommended that the pending motions to dismiss the original complaint, (Doc. 18), a motion for leave to amend complaint (Doc. 20), be DISMISSED as MOOT, in light of the filing of this amended complaint.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 13th day of January, 2012.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge