## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| I-KIEM SMITH, | : | Civil No. 3:11-CV-1581 |
| | : | |
| Plaintiff, | : | ( Judge Kosik) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| LT. J. PRICE, et al., | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

I.   **Introduction**

In this case we are called upon to try to create order out of the increasingly chaotic procedural posture of this litigation, in which the plaintiff, a *pro se* litigant, persists in filing random, and fragmentary complaints, as evidenced by his current motion for leave to file a supplemental complaint.  Because the exercise of our discretion in this field be guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964), we are recommending that the plaintiff's motion for leave to file a supplemental complaint which is fragmentary and incomplete be denied, without prejudice, and the plaintiff instead be instructed to file a single, comprehensive amended civil complaint in this case.

## II.    Statement of Facts and of the Case.

The plaintiff, I-Kiem Smith is a state prisoner, who commenced this civil rights action by filing a civil complaint on August 24, 2011. (Doc. 1)  Smith's initial complaint leveled a battery of allegations against 11 correctional officials and agencies.  On November 29, 2011, the defendants responded to this complaint by filing a motion to dismiss some of Smith's claims. (Docs. 18 and 19)  Smith, in turn, reacted to this motion by seeking leave to file an amended complaint, (Doc. 20 and 21), which  was conditionally granted by the District Court on December 9, 2011. (Doc. 22)  Smith then filed an amended complaint on December 22, 2011.

This action on Smith's part had substantive significance, albeit a significance that Smith himself may not have fully appreciated.  As a matter of law, an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case….").  Therefore, since the complaint in

-2-

this case had been amended, Smith's original complaint was now a nullity with no legal effect.

This amended complaint was itself a curious document.  Like the original complaint, it initially listed 11 defendants: Lt.Price, Sgt. Sheetz, correctional officers Cramer, Harper, Kennedy, Harpster and Harrington, Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant known only as John Doe, and the Correctional Health Care Administrator. (Doc. 26) However, having identified these 11 defendants in the caption of this pleading, the amended complaint only made factual allegations relating to seven defendants–Lt. Price, Sgt. Sheetz, and correctional officers Cramer, Harper, Kennedy, Harpster and Harrington. (Id.)  These factual averments related to what Smith described as an excessive use of force by these staff on February 17, 2011. (Id.)  Thus, the amended complaint contained no allegations whatsoever relating to four defendants named in the caption of this case–Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant known only as John Doe, and the Correctional Health Care Administrator.

Smith then compounded the confused nature of these pleadings by submitting a document six days later, on December 28, 2011, which appeared to be an additional fragment of an amended complaint. (Doc. 30)  This second fragmentary amended complaint, contained allegations against Hearing Examiner Mitchell, Dr. Dreibelbis, a Physician Assistant known only as John Doe, and the Correctional Health Care

Administrator, but set forth no factual recitals relating to seven defendants–Lt. Price, Sgt. Sheetz, and correctional officers Cramer, Harper, Kennedy, Harpster and Harrington. (Id.)

On January 6, 2012, this case was referred to the undersigned for pre-trial management. (Doc. 31)  At that time we found the motions relating to Smith's original complaint to be moot, since Smith had filed an amended complaint. See Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990).  Because of the chaotic nature of Smith's amended pleadings, however, we recommended that this amended complaint also be dismissed  for failure to state a claim upon which relief can be granted, without prejudice to allowing the plaintiff one final opportunity to attempt to correct the deficiencies noted in this report and recommendation by filing a second amended complaint. (Doc. 32)

Smith responded to this development by filing a motion for leave to file a supplemental complaint. (Docs. 33 and 34)  This supplemental complaint is also a curious document. (Doc. 34-1)  It does not appear to contain any of the legal or factual recitals that were set forth in either this initial complaint filed by Smith or the plaintiff's first amended complaint. (Id.)  Instead, it merely recites alleged incidents

of retaliation by correctional officers, episodes as to which the plaintiff seems to acknowledge he has not yet fully exhausted his administrative remedies. (Id.)

Upon receipt of this motion, the District Court entered an order which plainly viewed the filing of this supplemental complaint as a step which rendered Smith's original and amended complaint to be both legal nullities. (Doc. 35)  This matter was then remanded to this Court for further proceedings.

As part of these further proceedings, the defendants have filed a response in opposition to this motion to file a supplemental complaint. (Doc 36)  The parties have fully briefed this motion, (Docs. 34, 36, 42), and this matter is now ripe for resolution.

For the reasons set forth below, we find that Smith's supplemental complaint fundamentally misconstrues the nature of these pleadings in ways which compound the chaotic nature of this litigation.  Therefore, we recommend that this motion be denied, but that Smith be given one, final opportunity to prepare a clear and comprehensive amended complaint in this matter.

### III.   Discussion

> #### A.   Smith's Motion For Leave to File Yet Another Fragmentary, Supplemental Complaint Should Be Denied. Instead, Smith Should Be Directed to File a Single, Comprehensive Amended Complaint

Rule 15(d) of the Federal Rules of Civil Procedure governs the filing of supplemental complaints, and provides that: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. Rule 15(d). As the text of this rule implies," [t]he decision of whether to permit a supplemental pleading is within this Court's discretion. See Owens–Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188–89 (3d Cir.1979); see also Burns v. Exxon Corp., 158 F.3d 336, 344 (5th Cir.1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint.)" Hassoun v. Cimmino 126 F.Supp.2d 353, 360 -361 (D.N.J.2000). Therefore, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).

That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, <u>Bjorgung v. Whitetail Resort, LP</u>, 550 F.3d 263 (3d Cir. 2008); <u>Cureton v. National Collegiate Athletic Ass'n.</u>, 252 F.3d 267 (3d Cir. 2001). Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1434 (3d Cir.1997) ('<u>Burlington</u>'); <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. <u>Burlington</u>, 114 F.3d at 1434." <u>Shane v. Fauver</u>, 213 F.3d 113, 115 (3d Cir. 2000). Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them. <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 654 (3d Cir.1998)." <u>Krantz v. Prudential Investments Fund Management LLC</u>, 305 F.3d 140, 144 (3d Cir. 2002).

Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15(d), which is "to make pleadings a means to achieve an orderly and fair administration of justice." <u>Griffin v. County School Bd. of</u>

Prince Edward County, 377 U.S. 218, 227 (1964).  Therefore, in considering a motion to amend we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action-'[t]he standard applicable to motions to amend under [Rule 15(d) ] is essentially the same standard that applies to [Rule 15(a) ].' " Masimo Corp. v. Philips Elec. N. Am. Corp., 2010 WL 1609899, at *1 (D.Del. Apr.20, 2010) (quoting Medeva Pharma Ltd. v. Am. Home Prods. Corp., 201 F.R.D. 103, 104 n. 3 (D.Del.2001))." CMR D.N. Corp. v. City Of Philadelphia, No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.).

In this case, the plaintiff has adopted a chaotic, fragmentary pleading style, one which frustrates efforts "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964).  Moreover, Smith's confused approach to this litigation violates two cardinal rules of pleading and now threatens to result in the loss and forfeiture of claims by Smith on procedural grounds.  These potential procedural pitfalls result from the interplay of several basic rules of pleading in federal court.

First, it is well-settled that an "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No. 10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742,

2011 WL 2456624 (M.D. Pa. June 16, 2011).  Therefore, the filing of a separate, serial, fragmentary and incomplete complaints like those propounded by Smith simply is not permitted.

Furthermore, it is also clear that an amended complaint takes the place of the original complaint, effectively invalidating the original complaint. Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000) ("[A]n amended pleading ordinarily supersedes the original and renders it of no legal effect"); see 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended … supersedes the pleading it modifies…. Once an amended pleading is interposed, the original pleading no longer performs any function in the case….") Therefore, as a practical matter, the filing of amended and supplemental complaints effectively constitutes an abandonment of any prior complaints filed by a plaintiff. Accordingly, this is a step which should not be taken lightly, but should only be pursued after careful reflection.

Application of these two settled principles to Smith's case, in light of the curious pleading style that he has adopted, leads to what may well be a wholly unintended result by the plaintiff.  Since Smith's latest supplemental complaint renders his prior pleadings legal nullities,  Crysen/Montenay Energy Co. v. Shell Oil Co. (In re Crysen/Montenay Energy Co.), 226 F.3d 160, 162 (2d Cir. 2000), and his amended

complaint "must be complete in all respects; [i]t must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992), this fragmentary supplemental complaint, if accepted by the Court, would completely abandon all of Smith's prior claims against the various medical and correctional defendants previously named by Smith as defendants.  This case then would only proceed on the very narrow claims that Smith advances in this latest pleading.

It does not appear that Smith intended this result, the wholesale abandonment of all prior claims, and the defendants have opposed the filing of this supplemental complaint which presents claims in a confused and fragmentary manner.  Therefore, granting leave to file a supplemental pleading on these facts would be antithetical to the guiding principle which animates and informs the exercise of our discretion, which is "to make pleadings a means to achieve an orderly and fair administration of justice." Griffin v. County School Bd. of Prince Edward County, 377 U.S. 218, 227 (1964).  In fact, we find that granting this motion would be unfair to all parties.  It would be unfair to the defendants who would now face new and belated, claims in this litigation. It is also, however, profoundly unfair to the plaintiff–who may unwittingly abandon numerous claims and defendants through this chaotic style of pleading.  Since we must always "appl[y] Rule 15(d) in a manner aimed at securing the just, speedy and inexpensive determination of every action," CMR D.N. Corp. v. City Of Philadelphia,

No. 07-1045, 2011 WL 857294, *4 (E.D.Pa. March 11,2011)(Stengel, J.), our conclusion that granting this motion would be unjust, cause undue delay, and needlessly increase the costs of litigation, calls for the denial of this motion.

While this legal analysis calls for denial of this motion, in its current form, we recommend that the plaintiff be given another, final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint.  We recommend this course mindful of the fact that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see Fletcher-Hardee Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend is not necessary in a case such as this where amendment would be futile or result in undue delay, Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  Accordingly, it is recommended that the Court provide the plaintiff with an opportunity to correct these deficiencies in the *pro se* complaint, by dismissing this deficient complaint at this time without prejudice to one final effort by the plaintiff to comply with the rules governing civil actions in federal court.

However, we instruct the plaintiff that this "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). See e.g., Biggins v. Danberg, No.

10-732, 2012 WL 37132 (D.Del. Jan. 6, 2012); Quirindongo v. Federal Bureau of Prisons, No. 10-1742, 2011 WL 2456624 (M.D. Pa. June 16, 2011).  Therefore, in amending this complaint, the plaintiff's amended complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), set forth in averments that are "concise, and direct," Fed. R. Civ. P. 8(e)(1), and stated in separately numbered paragraphs describing the date and time of the events alleged, and identifying wherever possible the participants in the acts about which the plaintiff complains.  This complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  The complaint should set forth plaintiff's claims in short, concise and plain statements, and in sequentially numbered paragraphs.  It should name proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought.  Further, the claims set forth in the complaint should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.  The Court further places the plaintiff on notice that failure to comply with this direction may result in the dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.  The Court

also notifies the plaintiff that, as a litigant who has sought leave to proceed *in forma pauperis,* his complaint may also be subject to a screening review by the Court to determine its legal sufficiency. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.   <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's motion for leave to file a supplemental complaint, (Doc. 33), be DENIED without prejudice to the plaintiff endeavoring to correct the defects cited in this report, provided that the plaintiff acts within 20 days of any order denying leave to file this particular supplemental complaint.  It is further recommended that the pending report and recommendation (Doc. 32) on the motions to dismiss the original complaint, (Doc. 18), and motion for leave to amend complaint (Doc. 20), be DISMISSED as MOOT.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen  (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only

in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 5th day of March 2012.

*__S/Martin C.  Carlson__*
Martin C. Carlson
United States Magistrate Judge