FILED
SCRANTON
DEC 14 2012
MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

I-KIEM SMITH,

    Plaintiff,

v.

LT. J. PRICE, et al.,

    Defendants.

Civil Action No. 3:11-CV-1581

(Judge Kosik)

## MEMORANDUM AND ORDER

AND NOW, this 14th day of December 2012, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, I-Kiem Smith, a prisoner confined at the State Correctional Institution at Smithfield, Huntingdon, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. §1983 on August 24, 2011. After a complex procedural history and various amendments, a final Amended Complaint was filed on April 13, 2012 (Doc. 48);

(2) In his Amended Complaint, Plaintiff raises claims regarding violations of his First, Fourth, Eighth, and Fourteenth Amendment rights;

(3) The action was assigned to Magistrate Judge Martin C. Carlson for Report and Recommendation ("R&R");

(4) On April 27, 2012, Defendants filed a motion to dismiss (Doc. 50);

(5) On November 21, 2012, the Magistrate Judge issued a R&R (Doc. 59) wherein he recommended that Plaintiff's claims against Supervisory Defendants Fisher, Grove, Dreibelbis, and Eichenlaub be dismissed for failure to state a claim and that those defendants be dismissed from this action; that the due process claim against Defendant Mitchell be dismissed, and that Defendant Mitchell be dismissed from this action; that all claims against Defendants Lear, Wertz, Claar ("Cloar"), Vogt, Ashley, Hazlett and Clapper arising out of cell searches in September and December 2011, and February 2012, be dismissed; that the motion to dismiss the prison discipline retaliation claims against Defendants Harper and Lear be

denied; and the motion to dismiss the Eighth Amendment deliberate indifference claim against Defendant Physician Assistant John Doe be denied. The Magistrate Judge also noted that the February 17, 2011 excessive force and retaliation claims against Defendants Price, Sgt. Sheetz, Cramer, C.O. Sheetz, Harper, Kennedy, Harpster, and Harrington, which were not the subject of the motion to dismiss, would also remain pending and unaffected by this R&R.

(6) On December 10, 2012, Defendants filed a Motion to Clarify Docket. (Doc. 60). In that motion, Defendants' attorney, Jeffrey M. Paladina, explains that he is only representing the Defendants who are employed by the Pennsylvania Department of Corrections, and has not entered an appearance or waived any service of summons on behalf of Defendant Physician Assistant John Doe.

(7) Plaintiff has failed to file timely objections to the Magistrate Judge's R&R;

AND, IT FURTHER APPEARING THAT:

(8) If no objections are filed to a Magistrate Judge's R&R, the plaintiff is not statutorily entitled to a *de novo* review of his claims. 28 U.S.C.A.§636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987);

(9) We have considered the Magistrate Judge's Report and we concur with his recommendation. We agree with the Magistrate Judge's finding that the prison discipline retaliation claims against Defendants Harper and Lear and the deliberate indifference medical claim against Defendant Physician Assistant John Doe[1] cannot be resolved solely on the pleadings and require consideration of matters outside the pleadings. Because of this, we will deny the motion to dismiss in regards to these claims. We also agree that Plaintiff's claims

---

[1] As discussed in Defendants' Motion to Clarify Docket, Defendant Physician Assistant John Doe is not represented by counsel for the Pennsylvania Department of Corrections. Because the Magistrate Judge recommended that the claims against Defendant Physician Assistant John Doe stand, we will adopt this portion of the R&R, noting that this defendant is not represented by counsel. Once Plaintiff identifies this defendant, he can be served and allowed to have counsel enter an appearance on his behalf.

2

against Supervisory Defendants Fisher, Grove, Dreibelbis, and Eichenlaub, the claims against Defendant Mitchell, and the claims against Defendants Lear, Wertz, Claar, Vogt, Ashley, Hazlett, and Clapper should be dismissed. As such, these Defendants will also be dismissed from the action. The remaining excessive force and retaliation claims that were not subject to this instant motion shall also remain in this action.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated November 21, 2012 (Document 59) is **ADOPTED**;

(2) Defendants' motion to dismiss (Doc. 50) is **GRANTED,** in part, and **DENIED,** in part;

(3) The Plaintiff's claims against Supervisory Defendants Fisher, Grove, Dreibelbis, and Eichenlaub, Plaintiff's due process claim against Defendant Mitchell, and Plaintiff's claims against Defendants Lear, Wertz, Claar, Vogt, Ashley, Hazlett, and Clapper arising out of cell searches in September and December of 2011, and February 2012 are **DISMISSED**;

(4) Defendants Fisher, Grove, Dreibelbis, Eichenlaub, Mitchell, Wertz, Claar, Vogt, Ashley, Hazlett, and Clapper are **DISMISSED** from this action;

(5) The motion to dismiss the prison discipline retaliation claims against Defendants Harper and Lear is **DENIED**;

(6) The Corrections Defendants' Motion to Clarify the Docket (Doc. 60) is **GRANTED**;

(7) The Clerk of Court is directed to clarify the docket to reflect that Defendant Physician Assistant John Doe is unrepresented; and

(8) The above-captioned action is **REMANDED** to the Magistrate Judge for further proceedings.

Edwin M. Kosik
United States District Judge