## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **I-KIEM SMITH,** | : | **Civil No. 3:11-CV-1581** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Kosik)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JON FISHER, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>MEMORANDUM ORDER</u>

This case is a civil rights action brought by a state prisoner, I-Kiem Smith.

After resolution of the Motion to Dismiss, the following claims remain in this case:

a February 17, 2011, excessive force and retaliation claim against Lt. Price, Sgt.

Sheetz, and correctional officers Cramer, Sheetz, Harper, Kennedy, Harpster and

Harrington; retaliatory disciplinary claims against Officers Harper and Lear arising

out of misconducts that were issued on March 26, 2011, and August 20, 2011; and

an Eighth Amendment medical claim against the unnamed Physician Assistant.

This matter now comes before the Court for further consideration of two

motions to compel discovery filed by Smith. (Docs. 75 and 87) Those motions, in

part, sought disclosure of all disciplinary reports relating to the correctional officers

named in this complaint. We previously found that disciplinary citations for conduct

similar to that alleged in the complaint might be discoverable. Recognizing this fact, we noted that in the past courts have reconciled the interests of inmate-plaintiffs and corrections officials by rejecting broadly framed requests for access to prison records, see Paluch v. Dawson, No. 06-1751, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while conducting an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. Paluch v. Dawson, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008). We then directed the defendants to provide to the Court for its *in camera* inspection on or before September 30, 2013, any disciplinary findings relating to the defendants for conduct similar to that alleged by Smith, i.e., findings that the defendants utilized excessive force or falsified disciplinary citations.

The defendants have complied with this request and in a commendable illustration of candor[1] have informed the Court of documents relating to staff counseling following the February 2011 use of force incident which is the subject matter of this lawsuit. This counseling related to alleged discrepancies between initial reports of this incident provided by staff and events depicted in the surveillance videos. Upon reflection, we believe that this information, which relates to the very

_____

[1]Counsel's disclosure of this information, a step taken by counsel out of an abundance of caution and fairness, is to be commended.

incident which is the subject of this lawsuit, is relevant and must be disclosed.

Accordingly, IT IS ORDERED that the defendants shall disclose this information on

or before **October 24, 2013**.

So ordered this 3d day of October 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge