UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I-KIEM SMITH, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 3:11-CV-1581 |
| LT. PRICE, et al., | : (Judge Kosik) |
| Defendants. | : |

## ORDER

AND NOW, THIS 4th DAY OF APRIL, 2016, IT APPEARING TO THE COURT THAT:

[1] Plaintiff, I-Kiem Smith, was a state prisoner[1] and had filed the instant civil rights claim, *pro se*, pursuant to 42 U.S.C. § 1983;

[2] The action was referred to Magistrate Judge Martin C. Carlson;

[3] Upon remand from the United States Court of Appeals for the Third Circuit, on June 9, 2015, the Magistrate Judge ordered Defendants to file a motion for summary judgment and a corresponding brief relating to the question of qualified immunity (Doc. 131);

[4] On August 19, 2015, Defendants filed a Motion for Summary Judgment and supporting documents (Docs. 135-38);

[5] Plaintiff failed to timely respond to Defendants' Motion for Summary Judgment. On October 2, 2015, the Magistrate Judge issued an order, directing Plaintiff to respond to

---

[1] On May 26, 2015, Plaintiff informed the Court that he had been released from custody and was living in Philadelphia. (Doc. 128.)

Defendants' motion on or before October 23, 2015 (Doc. 140);

[6] Plaintiff failed to comply with the Magistrate Judge's October 2, 2015 order[2];

[7] On March 15, 2016, the Magistrate Judge issued a Report and Recommendation (Doc. 141), recommending that we grant Defendants' Motion for Summary Judgment;

[8] Specifically, the Magistrate Judge found that under Local Rule 7.6 and Rule 41(b) of the Federal Rules of Civil Procedure, Defendants' summary judgment motion should be deemed unopposed and granted. Plaintiff failed to respond to the motion over the span of five months. The Magistrate Judge did an analysis of the Poulis factors and determined that the factors weighed heavily in dismissing this case. The Magistrate Judge also found that Plaintiff's Eighth Amendment claims fail on their merits. Defendant Price had no physical contact with Plaintiff. Defendants Kennedy, Harper, and Herrington restrained Plaintiff's limbs, and did not apply any force to Plaintiff's neck or head, the gravaman of Plaintiff's remaining excessive force claim. Defendants Harpster, Cramer, and Sheetz acknowledged restraining Plaintiff's head during the 40 second struggle, because Plaintiff attempted to bite them. The Magistrate Judge found that Defendants are entitled to qualified immunity, since they are entitled to take steps to restrain Plaintiff, to avoid being bitten, and nothing in the uncontradicted evidence showed that officials could have been alerted that their actions violated a clearly established statutory or constitutional right;

[9] Plaintiff has failed to object to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

[10] If no objections are filed to a Magistrate Judge's Report and Recommendation, the

---

[2] Plaintiff's last communication with the Court was on June 9, 2015, when Plaintiff requested the status of his case. (Doc. 132.)

Plaintiff is not statutorily entitled to a *de novo* review of his claims.  28 U.S.C.A. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-53 (1985).  Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987); and

[11]     We have considered the Magistrate Judge's report, and we concur with his recommendation.  We agree that under Local Rule 7.6 and Rule 41(b), Defendants' motion should be deemed unopposed and granted.  To date, Plaintiff has failed to communicate with the Court following Defendants' August 19, 2015 motion.  After a review of the Poulis factors, we find that they weigh heavily in favor of granting Defendants' Motion for Summary Judgment on qualified immunity grounds and dismissing this action.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] The Report and Recommendation of Magistrate Judge Martin C. Carlson (Doc. 141) is **ADOPTED**;

[2] Defendants' Motion for Summary Judgment (Doc. 135) is **GRANTED**; and

[3] The Clerk of Court is directed to **CLOSE** this case and **FORWARD** a copy of this Order to the Magistrate Judge.


 s/Edwin M. Kosik
Edwin M. Kosik
United States District Judge